UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LAWRENCE MCGARRY, | No. 2:17-cv-2630 KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SCOTT JONES, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding pro se, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner paid the filing fee. Petitioner challenges his conviction in the Sacramento County Superior Court. For the reasons stated below, this action must be dismissed.

II. Standards

This court has authority under Rule 4 of the Rules Governing Section 2254 Cases to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Id.

////

---

[1] This proceeding was referred to this court by Local Rule 302 under 28 U.S.C. § 636(b)(1).

III. Background

Petitioner commenced this action on December 15, 2017. He challenges his September 18, 2017 conviction of one count of assault with a deadly weapon in violation of California Penal Code § 245(a)(4). He was sentenced to one year in county jail, but appears to be serving the sentence on home detention. (ECF No. 1 at 1.) Petitioner filed an appeal, and concedes the appeal is still pending in the California Court of Appeal, Third Appellate District.[2]

It is premature for this court to review petitioner's collateral attack on his conviction before the state court has had the opportunity to adjudicate the claims raised in his direct appeal. See Younger v. Harris, 401 U.S. 37 (1971). Under Younger, federal courts may not enjoin pending state criminal proceedings except under extraordinary circumstances. Id. at 49, 53. Younger abstention prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state proceedings. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

All three of these criteria are satisfied here. First, petitioner has an appeal pending in the California Court of Appeal. Second, California has "an important interest in passing upon and correcting violations of a defendant's rights." Roberts v. Dicarlo, 296 F.Supp.2d 1182, 1185 (C.D. Cal. 2003). And third, the California state courts provide an adequate forum in which petitioner may pursue his claims. See id. When the state proceedings have concluded and his conviction becomes final, petitioner may seek federal habeas relief.

Petitioner claims that he has exhausted the two issues upon which the instant petition is based. (ECF No. 1 at 2.) However, the "[a]pparent finality" of a particular claim "is not enough." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam). As another district court explained:

> The Ninth Circuit has held unequivocally that the exhaustion requirement is not satisfied if there is a pending proceeding in state court, even if the issue the petitioner seeks to raise in federal court

---

[2] According the California Courts' website, petitioner's appeal remains pending as of December 19, 2017. People v. McGarry, Case No. 14F05046.

2

> has been finally determined by the highest available state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). This is because the pending state action might result in reversal of the conviction on some other ground, mooting the federal case. See id. In Sherwood a direct appeal was pending although the federal issues had been decided by the state courts via another procedural route. Although the Younger abstention might seem a better rationale for this requirement than exhaustion, see Phillips v. Vasquez, 56 F.3d 1030, 1038-39 (9th Cir. 1995) (concurring opinion), the requirement is nevertheless well-established in this circuit.

Torres v. Yates, 2008 WL 2383871, at *2 (N.D. Cal. June 9, 2008). Under the Younger doctrine, this court must abstain from granting petitioner any relief until his entire case has concluded in state court. Id. As petitioner's direct appeal is pending, his underlying action is ongoing, and this court cannot enter judgment in petitioner's favor.[3]

IV. Conclusion

Therefore, the petition should be dismissed, without prejudice, as premature. See 28 U.S.C. § 2254(a); Juidice v. Vail, 430 U.S. 327, 337 (1977) (if Younger abstention applies, a court should dismiss the action).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

Further, IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[3] Moreover, a stay of this action would be inappropriate. Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from "the date the judgment became final on direct review." 28 U.S.C. § 2244(d)(1)(A). Until petitioner's conviction is rendered final "by conclusion of direct review or by the expiration of the time for seeking such review," AEDPA's one-year statute of limitations period will not begin to run. See Burton v. Stewart, 549 U.S. 147, 156-57 (2007). Because the statute of limitations period for the filing of a federal habeas petition has not yet begun to run, it would be inappropriate to grant a stay and abeyance. Bennett v. Fisher, 2015 WL 6523689, at *1 (E.D. Cal. Oct. 27, 2015) (stay inappropriate where limitations period has not even begun to run); Henderson v. Martel, 2010 WL 2179913, at *6-7 (E.D. Cal. May 26, 2010) (denying petitioner's renewed motion for a stay and abeyance as premature).

"Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 21, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mcga2630.younger